JOSEPH J. O'DONOHUE and JAMES McGOVERN, Respond-
ents, *v.* ZACHARIAH E. SIMMONS, Appellant.

*Bond of indemnity to a sheriff — what is evidence of the exercise by the sheriff of his*
*judgment in making a levy.*

This action was brought against the sureties on a bond of indemnity given to the
sheriff of New York.to protect him, and all persons assisting him, from any
damages that might accrue to him or them from the levying, attaching and
making sale, under and by virtue of an execution then in the sheriff's hands,
of all or any personal property which he or they should or might judge
belonged to the judgment debtor. Upon the trial the defendant's counsel
requested the court to charge that if neither the sheriff, nor any of his depu-
ties, judged that the property taken under the execution was owned by
the judgment debtor, then the defendant was entitled to a verdict.

*Held,* that the court erred in refusing so to charge.

That the mere fact that the levy was made, was not to be construed when an
issue was created in regard to it, as evidence of the exercise of the judgment
required by the bond. (Davis, P. J., dissenting.)

Appeal from a judgment in favor of the plaintiffs, entered upon
the verdict of a jury, and from an order denying a motion for a
new trial made upon the minutes of the justice before whom the
action was tried.

*H. M. Whitehead,* for the appellant.

*James M. Smith,* for the respondents.

Brady, J. :

This action was brought by the plaintiffs upon a bond of indem-
nity executed by the defendant and one Michael S. Purcell (since
deceased), to the plaintiffs' assignor, James O'Brien, then sheriff of
the city and county of New York.

The case is here for the second time on appeal, and several of
the questions which are now presented are kindred to those already
passed upon on the first appeal, the result of which is reported in
31 Hun, 267. It is not at all improbable that a consideration of
all the other exceptions in the case would result favorably to the
respondents, but it is not deemed necessary or advisable to consider
them, for the reason that one exception appears to be fatal to the

maintenance of the judgment. The bond is in the usual form of a bond of indemnity, and provides for protection to the sheriff, and all persons assisting him, from any damages that might accrue to him or them for levying, attaching and making sale, under and by virtue of the execution, of all or any personal property which he or they should or might judge belonged to the judgment debtor named.

The defendant's counsel requested the court to charge that if neither the sheriff nor any of his deputies judged the property taken under the execution, in reference to which the indemnity applied, was owned by the judgment debtor, then the defendant was entitled to a verdict. The court refused so to charge, and an exception was duly taken. What was said on that subject, if anything otherwise, does not appear, inasmuch as the charge is not given in the record. As said in the case of *Clark* v. *Woodruff* (83 N. Y., 525): "It is never the purpose of these indemnities to make the obligors responsible for trespass which they do not direct or authorize. We should not yield to such a construction. The mischiefs resulting would be very great, not only to the parties and to the public, but to the officers themselves." And in the same case in the Supreme Court (18 Hun, 423), it was said: "It can hardly be supposed that the parties who executed the bond intended to create a roving commission by which the plaintiff would be at liberty to seize, by way of experiment, any property which he might even judge to belong to others, and rely upon such bond for protection against loss."

The refusal of the judge to charge the proposition stated, necessarily results in a declaration of a converse proposition, namely, that the defendant would be responsible if property should be taken by the sheriff, which neither he nor his deputies judged to be the property of the judgment debtor, and thus would sanction the seizure of property in the language of *Clark* v. *Woodruff* (*supra*), by way of experiment. The mere fact of the levy is not to be construed, when an issue is created in regard to it, as the exercise of judgment or an act in conformity to the bond. A jury may be called upon to determine whether the levy was made within the spirit of the bond itself, which was designed to secure the appropriation of the property of the debtor, if, in the judgment of the officer intrusted

with the execution of the process, it was proper to levy upon, and thus to secure its appropriation to the payment of the judgment.

It is no answer to this proposition that there was no conflicting evidence on the subject of the levy. It may be said that except from the mere act of levying, there is no evidence that the property was judged to belong to the judgment debtor by the persons who made the levy. At all events, as already suggested, the defendant was entitled to a submission of the question to the jury, and which was rejected, as we have seen, whether the act of the sheriff, upon which his liability rested, was done in conformity to the bond.

For these reasons the judgment should be reversed and a new trial ordered.

DANIELS, J., concurred.

DAVIS, P. J. (dissenting):

The official act of levying property under an execution was sufficient *prima facie* evidence that the officer "*judged*" it to belong to the defendant in the execution. There was nothing in the case rebutting or impairing this *prima facie* evidence, and therefore no occasion to make the charge requested. If there had been a controversy by evidence so as to make an issue on the question whether or not the officer "*judged*" the property levied on to be that of the execution defendant, then the charge requested would have been proper, and its refusal fatal. Otherwise it was not error to decline to charge at all on that question.

I dissent from the conclusion that on the ground considered in the opinion of BRADY, J., there should be a reversal and new trial.

Judgment reversed, new trial ordered, costs to abide event.